O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAVO SIMMONS, <br><br> Petitioner, <br><br> v. <br><br> UNITED STATES OF AMERICA PROBATION SUPERVISED RELEASE, NATASHA ALEXANDER MINGO, CHANTE PAGAN, <br><br> Respondents. | Case No. 2:24-cv-03467-CAS(AS) <br><br> **ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

**I.    INTRODUCTION**

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition for Writ of Habeas Corpus (dkt. 1), all of the records herein, the Report and Recommendation of United States Magistrate Judge (dkt. 9, the "Report"), and the Objections to the Magistrate Judge's Report and Recommendation (dkt. 10, the "Objections" or "Obj."). Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the Court

1

has conducted a de novo review of those portions of the Report to which objections have been stated. Having completed its review, the Court accepts the findings and recommendations set forth in the Report.

## II. BACKGROUND

On April 13, 2018, in the United States District Court for the Eastern District of Kentucky, petitioner Tavo Simmons ("Petitioner") pled guilty to, and was convicted of, conspiracy to distribute over 500 grams of cocaine. USA v. Simmons et al, Case No. 2:17-cr-00030-DLB-CJS, dkt. 52. On June 28, 2018, he was sentenced to imprisonment for a term of 120 months followed by eight years of supervised release. Report at 2, n.1. On November 6, 2019, the Sixth Circuit Court of Appeals affirmed his judgment. Id.

On April 26, 2024, Petitioner, proceeding *pro se* while on supervised release, filed the instant Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241, in the United States District Court for the Central District of California (the "Petition"). Dkt. 1. The Petition was filed against "United States of America Probation Supervised Release," Natasha Alexander Mingo, and Chante Pagan (collectively, "Respondents"). Id. The Petition challenges Petitioner's judgment and requests immediate termination of supervised release. Id.

On July 24, 2024, the Honorable Magistrate Judge Alka Sagar issued an order to show cause ("OSC"), directing Petitioner to show cause, no later than August 14, 2024, why the Petition should not be dismissed without prejudice for lack of jurisdiction. Report at 2. Judge Sagar found that the Petition "appear[ed] to be a disguised [28 U.S.C.] § 2255 motion," which must be filed in the court where Petitioner was sentenced, not the court where Petitioner is confined. Dkt. 3 at 2.

///

On September 25, 2024, Judge Sagar issued a second OSC, noting that Petitioner had failed to respond to the first OSC or otherwise communicate with the Court, and directing Petitioner to respond by October 16, 2024. Report at 2-3. Petitioner did not respond to either OSC, despite warnings that his failure to respond would result in a recommendation that the Petition be dismissed for failure to prosecute and for disobeying court orders, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure ("Rule 41(b)"). Id. On November 21, 2024, Judge Sagar issued the instant Report, finding that dismissal under Rule 41(b) was appropriate because at least four of five relevant factors outlined in Omstead v. Dell, Inc., 594 F.3d 1081, 1084 (9th Cir. 2010) supported dismissal. Id. at 11-12.

On December 19, 2024, Petitioner filed his Objections to the Report. Obj.

## III.   LEGAL STANDARD

"A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also Fed. R. Civ. P. 72(b)(3) (stating "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to," and "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions"). Proper objections require "specific written objections to the proposed findings and recommendations" of the magistrate judge. Fed. R. Civ. P. 72(b)(2). "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); see also United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) ("The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise.").

Where no objection has been made, arguments challenging a finding are deemed waived. See 28 U.S.C. § 636(b)(1)(C) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."). Moreover, "[o]bjections to a R&R are not a vehicle to relitigate the same arguments carefully considered and rejected by the Magistrate Judge." Chith v. Haynes, 2021 WL 4744596, at *1 (W.D. Wash. Oct. 12, 2021).

## IV.    DISCUSSION

### A.    Objections

In his Objections, Petitioner first acknowledges that the present case is one of three that he had or has pending in federal court. Obj. at 1. He states that he is also the plaintiff in Tavo Simmons v. E. Martin Estrada, Case No. 2:24-cv-07092-CAS-AS ("Case No. 24-cv-07092") and the petitioner in Tavo Simmons v. United States of America Probation Supervised Release et al, Case No. 2:24-cv-08886-CAS-AS ("Case No. 24-cv-08886"). Id. Petitioner states that Judge Sagar's finding that at least four of five Omstead factors support dismissal of the present case is "misplaced." Id. He asserts that he will "work harder to communicate with the Court on each civil case by filing information within 21 days so that each go[es] forward more expeditiously." Id. at 2-3.

Petitioner recites certain docket entries in his three cases. Id. at 3. He also requests that the Court "sign and seal the complaint of any and all summons filed in this Court pursuant to Rule 4(b)," enabling him to serve Respondents in the instant case, as well as the defendants in his other two cases. Id. Subsequently, Petitioner cites and discusses the Regulations Implementing the Comprehensive Drug Abuse Prevention and Control Act of 1970, 36 FR 4928-01. Id. at 3-4. He argues that the Court "lacks jurisdiction" over him under this statute. Id. at 4.

Next, Petitioner appears to assert that he has met the standing requirements to seek declaratory relief, and that the Court "lacks jurisdiction" over this action under Rule 12(b) of the Federal Rules of Criminal Procedure. Id. at 5-6. Petitioner then argues that judicial review is permissible here under several statutes. Id. at 6-9.

Separately, Petitioner argues that the Probation Office should have petitioned the Court to immediately terminate Petitioner's term of supervised release. Id. at 9. Petitioner contends that the Court "should address whether [his] probation violates the Constitution or federal law[.]" Id. at 10. Petitioner argues that the Court did not properly address his request for a summons in Case No. 24-cv-07092. Id. Petitioner then asserts that the Court should not "doubt" its jurisdiction over this action, and that Petitioner is entitled to a writ of coram nobis. Id. at 11-13. Next, Petitioner argues again that the Court should issue a "stamped summons" to the Petitioner to effectuate service in all three of his cases. Id. at 14.

Petitioner then appears to argue that a 28 U.S.C. § 2255 motion would be "inadequate" and "ineffective" in the present case because the sentencing court "would not have had jurisdiction" over Respondents. Id. at 15-16. He also contends that the statutes under which he was convicted, 21 U.S.C. §§ 841(a)(1) and 846, do not criminalize Petitioner's conduct. Id. at 16. Next, Petitioner asserts that his plea hearing in the Eastern District of Kentucky was conducted "in a manner that violated" Rule 11 of the Federal Rules of Criminal Procedure, and that he only agreed to it based on "misinformation." Id. at 17-18. Petitioner argues that the Controlled Substances Act only applies to doctors, physicians, and pharmacists, and that the Drug Enforcement Administration agents in his case fraudulently conspired to cause Petitioner to lose his liberty. Id. at 18-20. Finally, Petitioner contends that the Acting United States Attorney deprived Petitioner and the members of the Grand Jury of their "right of honest services," because they

5

were not informed of the relevant federal regulations and were therefore given "false information." Id. at 20-22.

### B. Findings

The Court finds that the Objections are not responsive to Judge Sagar's Report. See Fed. R. Civ. P. 72(b)(2) ("[A] party may serve and file *specific* written objections *to the proposed findings and recommendations*.") (emphasis added). Rather, the Objections appear to focus on the relief sought by Petitioner and Petitioner's request for an opportunity to serve Respondents in the instant case, as well as the defendants in his other two cases. See generally Obj. The Report, on the other hand, details Judge Sagar's finding that at least four of the five Omstead factors support dismissal of this action pursuant to Rule 41(b). Report at 5-12.

The Court agrees with Judge Sagar that dismissal without prejudice is appropriate pursuant to Rule 41(b), due to Petitioner's failure to prosecute and obey the Court's orders. When the Report was issued, Petitioner had not "properly communicated with the [C]ourt in seven months, when he first filed this action." Report at 9. Judge Sagar was correct in her analysis that the following factors favor dismissal: (1) the public's interest in expeditious resolution of litigation, (2) the Court's need to manage its docket, (3) the risk of prejudice to Respondents, and (4) the use of "less drastic alternatives" than dismissal, including warnings on July 24, 2024 and September 25, 2024 that Petitioner's failure to respond would result in a recommendation of dismissal. Id. at 6-11.

Additionally, Judge Sagar was correct in her analysis that while the last factor—the public policy favoring the disposition of cases on their merits—weighs against dismissal, that factor alone is not dispositive. See Dreith v. Nu Image, Inc., 648 F.3d 779, 788 (9th Cir. 2011) ("We may affirm a dismissal where at least four factors support dismissal, or where at least three factors strongly support

6

1  dismissal.") (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir.
2  1999)); see also Morris v. Morgan Stanley & Co., 942 F.2d 648, 652 (9th Cir.
3  1991) ("Although there is indeed a policy favoring disposition on the merits, it is
4  the responsibility of the moving party to move towards that disposition at a
5  reasonable pace, and to refrain from dilatory and evasive tactics.").

     Further, the Court finds that the Objections do not adequately address the issues raised in the two OSCs issued by Judge Sagar, to which no response was filed. In the first OSC, Judge Sagar correctly noted that, while filed pursuant to 28 U.S.C. § 2241, the instant Petition appears to be a § 2255 motion, because it contests the legality of Petitioner's sentence. Dkt. 3 at 2; see also Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000) (per curiam) ("Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court.").

     As stated in Judge Sagar's first OSC, while "[a] motion under § 2255 is generally the exclusive remedy for a federal prisoner who seeks to challenge the legality of confinement," "[t]he one exception to the general rule is what we have called the 'escape hatch' of § 2255." Dkt. 3 at 2 (citing Muth v. Fondren, 676 F.3d 815, 818 (9th Cir. 2012)). "This lone exception permits a federal prisoner to file a § 2241 petition if his remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'" Id. Petitioner's Objections attempt to address this point by arguing that a § 2255 motion would be "inadequate and perhaps ineffective as well, since [his] sentence has been imposed and the sentencing court would not have… jurisdiction over [Respondents]." Obj. at 15-16.

     This conclusory objection does not adequately address Judge Sagar's jurisdictional concern. The Court construes this objection as an argument that Petitioner qualifies for the "escape hatch" of § 2255 and can therefore file a § 2241

1  petition. However, the Ninth Circuit has held that "[a] petition meets the escape
2  hatch criteria where a petitioner (1) makes a claim of actual innocence, and (2) has
3  not had an unobstructed procedural shot at presenting that claim." Alaimalo v.
4  United States, 645 F.3d 1042, 1047 (9th Cir. 2011) (citing Stephens v. Herrera, 464
5  F.3d 895, 898 (9th Cir. 2006)). Because Petitioner has not made a showing of
6  either of these elements, the Court agrees with Judge Sagar that it appears that the
7  Petition is appropriately construed as a § 2255 motion, which must therefore be
8  filed in the Eastern District of Kentucky.

9  Despite warning Petitioner, in the first OSC, that "failure to timely file a
10 response… and/or to show good cause may result in a recommendation that this
11 action be dismissed for lack of jurisdiction, for failure to comply with the Court's
12 order, and/or for failure to prosecute," Judge Sagar nonetheless gave Petitioner a
13 second opportunity to respond when she issued her second OSC. Dkt. 3 at 3. The
14 second OSC "again warned that a failure to timely respond to this Order will result
15 in a recommendation that this action be dismissed with prejudice under [Rule]
16 41(b) for failure to prosecute and obey court orders." Dkt. 7 at 2. The Court finds,
17 again, that Petitioner's Objections do not address these issues.

18 Accordingly, because the Court agrees with Judge Sagar's findings, and
19 because Petitioner has failed to object to any of the actual findings and therefore
20 waived such challenges, the Court adopts the Report in its entirety.
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///

V.  **CONCLUSION**

Having completed its review, the Court accepts the findings and recommendations set forth in the Report. Accordingly, IT IS ORDERED that the Petition be DISMISSED and that judgment be entered dismissing this action without prejudice.

Dated: July 2, 2025

*/s/ Christina A. Snyder*

HON. CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE